FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 17  PM 4: 34

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAURICE FELTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6372** |
| **MARLIN GUSMAN, ORLEANS PARISH CRIMINAL SHERIFF** | **SECTION: "J"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Maurice Felton, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman. In his complaint, plaintiff alleges that, while incarcerated within the Orleans Parish Prison system, he was "hastily and randomly evacuated in an unco-ordinated, and chaotic manner" in the aftermath of Hurricane Katrina.

The Court has twice scheduled Spears hearings in this matter,[1] but those hearings could not be held because plaintiff's whereabouts are unknown. The Court has been notified by an official at the Winn Correctional Center, plaintiff's address of record, that he has not been incarcerated at

---

[1] Rec. Docs. 7 and 9.

that facility since January 5, 2006. Mail sent by this Court to plaintiff at that facility has been consistently returned.[2]

The complaint plaintiff signed contained the following declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."[3] Plaintiff has failed to meet that obligation, and, as noted, his current whereabouts are unknown. Because plaintiff has not filed a change of address, the Court has no way to contact him, to hold a <u>Spears</u> hearing, or to otherwise advance his case on the docket. Therefore, it is appropriate to dismiss this lawsuit without prejudice for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. <u>Ramsay v. Bailey</u>, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff has failed to provide

---

[2] Rec. Docs. 10-12.

[3] Rec. Doc. 1.

this Court with his current address in the three months since he left the Winn Correctional Center. This Court has no way to contact him to schedule a Spears hearing or to otherwise advance his case.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 17 day of April, 2006.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE